28512. McFARLEY *v.* NEW AMSTERDAM CASUALTY CO. *et al.*

DECIDED OCTOBER 5, 1940.

*C. B. McCullar,* for plaintiff. ·
*Powell, Goldstein, Frazer & Murphy,* for defendants.

SUTTON, J.   On August 9, 1937, LeRoy McFarley filed with the Industrial Board a claim for compensation against M. J. Carroll and New Amsterdam Casualty Company, insurance carrier, on account of alleged injuries sustained in his employment.   A hearing was had on August 31, 1937, and again on September 28, 1937, after which the director rendered an award on October 11, 1937, as follows:  "It is the finding of this director that the claimant, LeRoy McFarley, sustained an accident on the 26th of November, 1936, by getting some cement dust in his eyes, which irritated the eyes for two or three days.   It is the further finding by this director that the accident arose out of and in the course of the employment and that his average weekly wage was $12 per week.   It is the further finding of fact that the claimant was only disabled for some four or five days as the result of the accident and the claimant returned to work, the loss of time not being a sufficient length of time to entitle the claimant to compensation.   We find from the medical evidence of the date of the hearing by the two doctors testifying that the claimant is not suffering any disability or loss of vision, and from their examination they found nothing wrong

with the claimant's eyes. Therefore the claim for compensation is denied, and the case is dismissed." There was no appeal from this award. On March 25, 1939, the claimant made application for a hearing on the ground of a change in condition, and on the hearing on April 28, 1939, counsel for the employer and the insurance carrier made a motion to dismiss the application, averring that "the case . . is res judicata, and we move to dismiss the application for a hearing on that ground; that the case having been decided, and no appeal having been made within the time prescribed by law, we say this board can not entertain the application for a hearing on the change in condition." The director reserved his decision, and thereafter, on May 4, 1939, made a finding that as a matter of fact, and ruling as a matter of law, that the award of October 11, 1937, from which there was no appeal, became "final and conclusive and binding upon the parties; and that the Industrial Board is now without the power, authority, or jurisdiction to entertain an application for a hearing by the employee, based upon an alleged change in condition. . . The Industrial Board being without jurisdiction of the matter, the defendant's motion is sustained, and the application for a hearing on a changed condition is hereby dismissed." On May 17, 1939, the claimant appealed to the superior court from this ruling. On November 17, 1939, the court reversed the ruling of the director, and remanded the case to the Industrial Board to take testimony on the question whether or not there had been a change in claimant's condition since the award of October 11, 1937. The employer and the insurance carrier excepted, and brought the case to the Court of Appeals. On November 17, 1939, upon the rendition of the judgment of the superior court, and again on November 24, 1939, the claimant applied to the Industrial Board for a hearing in pursuance of the court's order. The board, on December 2, 1939, ruled that pending the appeal from the judgment of the superior court it was without jurisdiction to assign a hearing or otherwise act with respect to the claim, and denied the application. Upon appeal to the superior court the ruling of the Industrial Board was affirmed, and the exception here is to that judgment.

The ruling of the Industrial Board on May 4, 1939, on the motion to dismiss the claimant's application for a hearing on his alleged right to compensation because of a change in condition since

the award of October 11, 1937, was based on the ground that the board was without jurisdiction to grant a hearing, inasmuch as the former award denying compensation was not appealed from, and became conclusive and binding upon the parties. This ruling of May 4, 1939, was appealed from to the superior court; and consequently the jurisdiction of the board became suspended as to the claimant's right to a hearing because of a change of condition since the award of October 11, 1937. The issue involved the question, however, not whether a claimant could be granted a hearing upon an application based upon a change in condition after there had been an adjudication *that the claimant was not entitled to compensation because his disability was not due to an injury arising in the course of and out of his employment,* and where there had been no appeal from the award, as in cases like *Ætna Life Insurance Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449), but whether, after a finding that the claimant had sustained an accidental injury arising out of and in the course of his employment, but denying compensation on the ground that the claimant was not at the time of the hearing suffering any disability or incapacity, and had not as a result of the injury suffered any disability and been incapacitated from work a sufficient length of time to entitle him to compensation, the award may be reviewed, as contended by the plaintiff, under section 45 of the workmen's compensation act (Code, § 114-709, as amended by the acts of 1937—Ga. L. 1937, pp. 230, 233; Id. 528, 534), because of an alleged change in condition, traceable to his original injury, by reason of which he has, since the award of October 11, 1937, become disabled. The superior court, on November 17, 1939, in effect, reversed the ruling of the board through the director, and ordered a hearing, and from the final judgment of that court the employer and the insurance carrier, on November 25, 1939, appealed to this court, thus, pending the appeal, effecting a suspension of the jurisdiction of the superior court and the Industrial Board on the question sought to be adjudicated here. The hearing for which the claimant made application on November 17, 1939, involved the identical question brought to this court; and consequently the board, being without jurisdiction to act upon it pending the appeal in this court, did not err in sustaining the motion to dismiss. Likewise the superior court

did not err in affirming, on April 10, 1940, the ruling or award of the Industrial Board.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*